**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Center for Biological Diversity, | ) | No. CV-10-0303-PHX-LOA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| U. S. Bureau of Land Management, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This case arises on Plaintiff's untimely Unopposed Motion to File a Motion for Attorney's Fees and Related Non-taxable Expenses Out-of-Time, filed on October 19, 2010. (Doc. 38) Plaintiff's counsel acknowledges that her attorney's fees motion "was due on or before October 18, 2010 . . . [but she] submits that extraordinary circumstances prevented [her] ability to file [her] motion on or before October 18, 2010." (*Id.* at 1) Plaintiff's out-of-district counsel, Amy R. Atwood, represents that Defendant's counsel does not oppose this motion. (*Id.* at 2)

**I. Background**

On February 11, 2010, Plaintiff Center for Biological Diversity filed its Complaint, alleging Defendant Bureau of Land Management's ("BLM") failed to disclose certain records requested by Plaintiff pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.* (Doc. 1) Specifically, Plaintiff sought to compel BLM to disclose a significant number of records that relate to numerous uranium mines located on public lands

1 near the Grand Canyon National Park. BLM allegedly disclosed only a few of these records
2 prior to the lawsuit, refused to disclose to Plaintiff the remaining portion of the requested
3 records, and failed to identify any basis for withholding them from Plaintiff under the FOIA.
4 To remedy Defendant's alleged unlawful withholding of records, Plaintiff sought an order
5 declaring that BLM violated the FOIA and immediately disclose all responsive records to
6 Plaintiff. (Docs. 1, 18 at 5) The Complaint requested, among others, an award of Plaintiff's
7 reasonable attorneys' fees and its costs. (Doc. at 10)

8 After BLM was served with process and filed its Answer, the parties expressly
9 consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Docs.
10 13, 24) Plaintiff's counsel, practicing in Oregon and Idaho, were authorized to appear *pro*
11 *hac vice* in this District Court. (Docs. 4, 14, 31-32) On March 3, 2010 and prior to the Rule
12 16 scheduling conference, Plaintiff filed its Motion for Summary Judgment. (Docs. 16-18)

13 On July 26, 2010 after several extensions for BLM to respond to Plaintiff's
14 Motion for Summary Judgment, the parties apparently settled all Plaintiff's FOIA claims.
15 (Doc. 34) BLM requested that "the Court set the deadline for Plaintiff's Motion for
16 Attorneys Fees and Costs for sixty (60) days after entry of the order []" vacating the
17 scheduling conference and denying the summary judgment motion as moot. (*Id*.) On July
18 28, 2010, the Court granted BLM's request, denied Plaintiff's summary judgment motion
19 as moot, and ordered Plaintiff to "file its Motion for Attorneys Fees and Costs within sixty
20 (60) days of the filing of this Order" *viz*., by September 27, 2010. (Doc. 35)

21 On September 20, 2010, Plaintiff's counsel requested a three-week extension
22 to file her attorneys' fees motion to October 18, 2010 because she had been, and will be,
23 traveling on work-related matters and would like more time "to explore whether the issue
24 of fees and costs may be settled without the need for further litigation." (Doc. 36) Granting
25 Plaintiff's unopposed request for more time, the Court ordered "Plaintiff's Motion for
26 Attorney's Fees and Costs shall be filed on or before **October 18**, **2010** [but] there shall be
27 no further extensions except upon a showing of extraordinary circumstances." (Doc. 37)
28 (emphasis in original)

1  Plaintiff's Unopposed Motion to File a Motion for Attorney's Fees and Related
2 Non-taxable Expenses Out-of-Time was filed on October 19, 2010, one day after the court-
3 ordered deadline, and claims that extraordinary circumstances exist to excuse the untimely
4 fees' request. (Doc. 38) Counsel offers as extraordinary circumstances that by waiting until
5 9:00 p.m. the last night the fees' motion was due to be filed, "counsel realized that she did
6 not have her log-in information for the Court's Electronic Case Filing ("ECF") website . .
7 . because Plaintiff's counsel recently obtained a new work computer, and had inadvertently
8 neglected to transfer her ECF long-in information from her old computer to the new one."
9 (*Id.* at 1) Counsel's affidavit indicates she "finished preparing the motion and supporting
10 documentation at approximately 9:00 p.m. Pacific time . . . [when she] realized that [she] had
11 a problem with [her] ECF username and password and could not log in." (*Id.*; Exhibit 1, ¶
12 3 at 1-2) In effort at mitigation, "counsel sent all of Plaintiff's filings to Defendant's counsel
13 via electronic mail at approximately 9:20 p.m., with a message that explained the issue and
14 described a proposed resolution." (*Id.* at 2)

15 **II. Extraordinary circumstances**

16  The Court's September 21, 2010 order did not define the phrase "extraordinary
17 circumstances" in the context of failing to comply with a court-ordered deadline.
18 Extraordinary circumstances has different meanings in different legal contexts. For example,
19 under the Immigration and Nationality Act, an alien must file for asylum within one year of
20 arriving in the United States unless the alien shows "extraordinary circumstances relating
21 to the delay in filing." 8 U.S.C. § 1158(a)(2)(B), (D); *Wakkary v. Holder*, 558 F.3d 1049,
22 1056 (9th Cir. 2009). According to the applicable INA regulation, the terms "extraordinary
23 circumstances" "refer to events or factors directly related to the failure to meet the one-year
24 deadline. . . that the circumstances were not intentionally created by the alien through his or
25 her own action or inaction, that those circumstances were directly related to the alien's
26 failure to file the application within the one-year period, and that the delay was reasonable
27 under the circumstances. . . ." 8 C.F.R. § 208.4(a)(5) (setting forth numerous examples
28 including ineffective assistance of counsel); *Wakkary*, 558 F.3d at 1056; *Mardones v.*

1  *McElroy*, 197 F.3d 619, 624 (2nd Cir. 1999) ("'[E]xceptional circumstances' refers to
2  exceptional circumstances (such as serious illness of the alien or death of an immediate
3  relative of the alien, but not including less compelling circumstances) *beyond the control of*
4  *the alien*.") (emphasis in original). However, in the context of an untimely filing of a petition
5  of writ of habeas corpus, mere negligence or ineffectiveness of counsel is not an
6  extraordinary circumstance to justify equitable tolling of the one-year statute of limitations
7  under the Anti-Terrorism and Effective Death Penalty Act of 1996. *Lawrence v. Florida*, 549
8  U.S. 327, 336-337 (2007) ("Attorney miscalculation is simply not sufficient to warrant
9  equitable tolling, particularly in the postconviction context where prisoners have no
10 constitutional right to counsel."); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

11         In the context of a Rule 60(b)(6) motion to set aside a default judgment, a party
12 may obtain relief if he demonstrates "extraordinary circumstances which prevented or
13 rendered him unable to prosecute [his case]." *Community Dental Services v. Tani*, 282 F.3d
14 1164, 1173 (9th Cir. 2002) (quoting *Martella v. Marine Cooks & Stewards Union*, 448 F.2d
15 729, 730 (9th Cir. 1971) (*per curiam*); *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking*
16 *Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) ("[r]elief under Rule 60(b) is extraordinary and
17 may only be granted in exceptional circumstances."). "[R]elief under Rule 60(b)(6) should
18 only be granted where the moving party is able to demonstrate "that circumstances beyond
19 its control prevented timely action to protect its interests." *Tani*, 282 F.3d at 1173.  In *Tani*,
20 a divided court held that "[w]here, as here, an attorney engages in grossly negligent conduct
21 resulting in [a default] judgment, the client merits relief under Rule 60(b)(6), and may not
22 be held accountable for his attorney's misconduct."

23 **III. Discussion**

24         Because "exceptional circumstances" was not defined in the September 21,
25 2010 order and has different meanings in different contexts, the Court, in hindsight, should
26 have either defined "exceptional circumstances" or have used the "good cause" standard set
27 forth in Rule 6(b), Fed.R.Civ.P., to provide guidance to counsel with its concomitant case
28 law providing more substantive meaning to "good cause" for a missed deadline. *Briones v.*

*Riviera Hotel and Casino*, 116 F.3d 379 (9th Cir. 1997). Rule 6(b) provides:

> b) Extending Time.
>
> > (1) In General. When an act may or must be done within a specified time, the court may, for *good cause*, extend the time:
> >
> > > (A) with or without motion or notice if the court acts, or if a request is made, *before* the original time or its extension expires; or
> > >
> > > (B) on motion made after the time has expired if the party failed to act because of *excusable neglect*.

Rule 6(b), Fed.R.Civ.P. (emphasis added).

In *Briones*, the Ninth Circuit held that a *pro se* plaintiff's opposition, 3 months late, to a motion to dismiss, might be due to excusable neglect and that relief would not be summarily denied and reversed the district court's denial of relief and remanded. The *Briones* court discussed a Supreme Court case which analyzed the circumstances under which missing a filing deadline counts as "excusable" or "inexcusable" neglect. 116 F.3d at 381 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993)). The Supreme Court in *Pioneer* analyzed a variety of statutory uses of the term "excusable neglect" in order to analogize a late filing in the bankruptcy context. It explained that "neglect" has its normal, expected meaning, i.e., negligence, carelessness, inadvertent mistake. The Supreme Court in *Pioneer* stated:

> Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, *it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.*
>
> *          *          *          *          *          *
>
> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* at 391, 395 (footnotes omitted).

There is no evidence that Plaintiff's one-day delay in filing Plaintiff's motion was anything other than unintentional. Waiting until 9:00 p.m. to file a document due that day is inherently risky that something unforeseen may prevent a timely filing and it did. The one-day delay in filing the fees' motion was not prejudicial to BLM and, in fact, BLM has no objection to allowing the late filing. Plaintiff's counsel acted in good faith by emailing her fees' motion on the due date to BLM's counsel, mitigating any possible prejudice to BLM. Exercising its equitable discretion and regardless of what exceptional circumstances may mean in the context of the pending Motion, the Court will grant Plaintiff's untimely Motion.

**IT IS ORDERED** that Plaintiff's untimely Unopposed Motion to File a Motion for Attorney's Fees and Related Non-taxable Expenses Out-of-Time, doc. 38, is **GRANTED**. The Clerk is directed to file Plaintiff's lodged Motion for Attorney's Fees and Related Non-taxable Expenses and Memorandum of Points and Authorities, doc. 39-40, *nunc pro tunc* to October 19, 2010.

**IT IS FURTHER ORDERED** that BLM shall file its Response to Plaintiff's Motion for Attorney's Fees and Related Non-taxable Expenses and Memorandum of Points and Authorities, doc. 39-40, on or before **Friday, November 19, 2010** absent an extension upon a showing of good cause.

DATED this 1st day of November, 2010.*

Lawrence O. Anderson
United States Magistrate Judge

*Due to clerical error, this Order was not properly dropped in to the civil docket queue until November 4, 2010.

- 6 -